Natividad Candelario Dalmau, Plaintiff and Appellant, *v.* Rosa Pura Rivera Santamaría et al., Defendants and Appellees.

No. 6557. Argued March 5, 1935.—Decided April 3, 1935.

*B. F. Pacheco* for appellant. *Federico García Veve* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is a suit to annul a summary foreclosure proceeding and it was decided on the pleadings against the plaintiff.

The complaint alleges substantially that the proceeding which is sought to be annulled was brought by the defendant Rosa Pura Rivera against Nicolasa Morales to foreclose a mortgage which the latter had executed in favor of Angelina Rivera to secure a loan of $620, interest and costs, on a lot located in Santurce, San Juan, which credit was assigned by its owner to Domingo Quiñones and by the latter to the defendant; that the mortgaged lot was finally sold to pay the credit; that there is a house standing on the lot "which on the date on which the mortgage was executed was, and now is, the property of the plaintiff and not of Nicolasa Morales, who executed the said mortgage encumbering the buildings standing on the said parcel, there being no building whatever belonging to Nicolasa Morales on the said parcel of land," of which fact the defendants Rosa Pura Rivera, Angelina Rivera, Nicolasa Morales and Domingo Quiñones had personal knowledge, in spite of which the plaintiff has been served with notice to quit the premises, and that the foreclosing mortgagee Rosa Pura Rivera, had "personal knowledge, at the time of the foreclosure, that the plaintiff had purchased the above described parcel of land but had not recorded the deed in the registry, and in spite of this the plaintiff was not made a party to the proceedings, nor was payment demanded of her and she was simply notified of the proceeding for her information."

The defendants Rosa Pura and Angelina Rivera demurred to the complaint for lack of facts sufficient to constitute a cause of action, and the court sustained the demurrer, rendering judgment in the following terms:

"In this case the plaintiff alleges that she was the owner of a certain parcel which had been mortgaged by former owners, but which was not recorded in the Registry of Property in the name of the plaintiff; and that the mortgagee foreclosed the mortgage in a summary proceeding, and merely notified the plaintiff in this case of the proceeding, without making her a party defendant in the foreclosure proceeding, although the mortgagee knew the plaintiff to

be the owner of the parcel even though her title was not recorded. The nullity of the foreclosure proceeding is requested on the above ground. The defendant demurred to the complaint and in support of its demurrer cited the case of *Federal Land Bank of Baltimore* v. *Registrar,* 42 P.R.R. 276, from the syllabus of which we take the following:

" 'Under section 170 of the Mortgage Law Regulations the only persons entitled to a formal demand for payment are the persons who have their titles recorded. As to all others, a simple notice of the proceeding is enough, the requisites of a notice and an opportunity to be heard being sufficiently fulfilled by serving a copy of the complaint.'

"On the authority of the case above cited, the Court sustains the demurrer, but, as the complaint cannot be amended, it is useless to grant leave to amend, and judgment should be entered. We render judgment for the defendant, with costs."

Feeling aggrieved by that judgment, the plaintiff took the present appeal. She maintains that the court erred in holding that the complaint does not set up a cause of action and that it cannot be amended.

██ The judgment clearly shows that the attention of the court was fixed only on the lack of a demand for payment.

If the want of such a demand were the only question involved in the appeal, the latter would be dismissed in accordance with the law and with the decision of the court in the case cited.

But it is also alleged in the complaint that prior to the execution of the mortgage, and therefore prior to the still unrecorded sale of the lot by Tomasa Morales to the plaintiff, the latter was the owner of a house standing on the lot, which was wrongfully sold at foreclosure sale, and from which it is sought to oust her.

If this is the case and if, as is also alleged, the defendants had personal knowledge of these facts, it is at least doubtful that the house was mortgaged.

In support of their contention that the judgment appealed from should be affirmed, the appellees cite the holding of

this Supreme Court in the case of *Schuck* v. *Verdejo*, 43 P.R.R. 915, to wit: "When a piece of land is sold directly or under an execution sale the presumption—a rebuttable one—is that all property thereon goes with the land, and this presumption was not destroyed by statements in the record that the defendant built the house and was the owner thereof," and the decision in the case of *Lippitt* v. *Llanos*, 47 P.R.R. 254, as follows: "The ownership of property, whether movable or immovable, carries with it the right, by accession, to everything which is produced thereby, or which is united thereto or incorporated therewith, either naturally or artificially."

But it will be noted that this court said "rebuttable presumption," and here the presumption is thus far controverted by the averment contained in the complaint regarding the knowledge which the defendants had of the plaintiff's ownership of the house in question.

Under the circumstances, it seems just to allow the suit to continue, the right of the plaintiff to be definitely established or destroyed by the evidence.

Of course, once we eliminate the question of nullity on to continue, the right of the plaintiff to be definitely estab- brought for the foreclosure of the mortgage on the lot would not be entirely null, even though the conclusion were reached that the house was not mortgaged. It would be null only in part—execution of the judgment as to the house—if the right of the plaintiff to the house prevails. The fact that the plaintiff finally purchased the parcel already encumbered with a mortgage, does not vary the legal status of the house if it is true that the mortgage covered the parcel only, and that the mortgagees had personal knowledge of the fact that the house located thereon was not subject to the mortgage.

In view of the foregoing, the appeal must be sustained and the judgment appealed from reversed, with leave to the plaintiff to amend her complaint, eliminating from it the ques-

tion of nullity based on the absence of a demand, so that the judicial debate may be circumscribed to whether or not the house was subject to the mortgage.